ShacKELEORd, J.,
delivered the opinion of the Court.
The plaintiff in error was indicted at the January Term, 1861, of the Circuit Court of Tipton County, for the murder of H. G. Trobuck.
At the May Term, 1866, he was tried by a jury of the county, who found him guilty of voluntary man *139 slaughter, and affixed the period for which he should serve in the Penitentiary of the State for three years.
A new trial was moved for, and a motion in arrest of judgment was entered. The motions were overruled, and judgment entered in accordance with the verdict of the jury. He excepted to the rulings of the Court, and tendered his hill of exceptions, which was signed and made a part of the record; and appealed in error to this Court.
There was no exception taken to the charge of the Court.
The errors assigned, and insisted upon, are:
1st, There is no proof of venue in the record. In this there is no error. Sub-section 9 of Section 5242 of the Code expressly provides, the omission to State in the bill of exceptions that the venue was proven in the Court below, shall not be ground of reversal in this Court. In this sub-section 9, the word venire is used for the word venue. Ho other meaning than venue can be given to the word to make it intelligible — it is a mistake in the printer.
2d, The charge laid in the indictment is for the murder of H. Gr. Trobuck. The evidence shows it was Gilbert Trobuck who was killed. This, it is insisted, is a variance between the person laid in the indictment to have been murdered, and the person proved to have been killed; and such variance is fatal, and a conviction cannot, therefore, be sustained.
We have been unable to find any adjudications of this Court upon this question; nor are we aware of any *140 statutory provisions altering the rule of the Common Law.
In the ease of Joyce vs. The State, 2 Swan, 667, the prisoner was indicted for the murder of William Trammel; on the trial the witnesses did not prove the Christian name of the deceased was William. . He was spoken of as the deceased, or Trammel. It was held, that the conviction was proper. The Court say, in discussing the question, the argument is not placed upon the ground of a variance between the name proved and that in the indictment; but that proof fails to show that the deceased bore the name of William, or any other Christian name. It was held, the objection was technical, and insufficient, in reason or law, as a ground upon which to disturb the verdict. But in the case of a variance between the name proved and that in the indictment, the law might be different. We do not recognize that case as an authority controlling the principles of this case; and in determination of this principle we must be governed by the rules of law applicable to this question. Every offense consists of certain acts, done or committed under certain circumstances, all of which must be stated in the indictment, and proved as laid. Any material variance between the facts laid, and the facts proven, will be fatal: Archbold’s Crim. Plead., 98. A variance or ommission in the name of the person aggrieved, is much more serious than a mistake or omission in the name of the defendant, as the latter can only be taken advantage of by plea in abatement, while the former will be ground of arresting the judg *141 ment, when the error appears on the record, or for an acquittal when the variance arises on the trial: Wharton’s Amer. Crim. Law, 109, and the authorities cited. Apply this principle to the case under consideration.
The plaintiff in error is charged, in the indictment, with the murder of H. G. Trobuck. The proof shows, Gilbert Trobuck was killed in an encounter between himself and the plaintiff in error. The deceased is described in the testimony, as Gilbert Trobuck, or the deceased Trobuck. He is nowhere designated as H. G. Trobuck, in the proof, or that he was known as H. G. Trobuck. There is nothing in this record, by which the person laid in the indictment to have been murdered by the plaintiff in error, was the person proved to have been killed by him in the rencounter.
■ Where a party is usually known by one name as well as another, he may be described by either, and by the name which he has assumed, even though shown not to be his right name. So, where an indictment charged the name of the person slain, as Maria Gardiner, alias Maria Bull, and the proof showed her name to be Maria Frances Bull, though she was generally known by the name in the indictment, it was held sufficient: Wharton’s Crim. Law, 108.
In this case, there is no proof in the record, showing that the party slain, was as well known by the name of H. G. Trobuck, as Gilbert Trobuck, or that he was known as H. G. Trobuck. Where it appears, from the proof, that the party injured is mis-named, or that the owner of the goods or house, is not the person named as such in the indictment, the variance is fatal: Archbold’s Crim. *142 Pleading, 35; East’s Pleas of tlie Crown, 651—781. But, should the name proved be idem soncms with that stated in the indictment, and different in spelling only, the variance will be immaterial: Wharton’s Crim. Law, 110. Various examples are given, of illustrations of this rule of law. Where an indictment for burglary, charged the defendant with breaking and entering the house of J. D., with an intent to steal the goods of J. W., and it appeared in evidence, that no goods of J. W. were in the house, but that the name of J. W. was inserted, by mistake, in the indictment, the Judges held, that the variance was fatal, and the defendant was acquitted: Rex vs. Jenks, 2 East’s Pleas of the Crown, 514. So, if it appear that the alleged owner of the goods is a feme covert, the defendant must be acquitted: 1 Hale, 513; for they are, in law, the goods of the husband. In the case of Rex vs. Frances Clark, R. & R., 358, an indictment stated, the murder of George Lakeman Clark, a base-born male child, aged three weeks, by the prisoner, its mother. The child had been christened George Lakeman, being the name of its reputed father, and was called so, and not by any other name, known to the witnesses; its mother called it so. There was no evidence that it had been called, or obtained its mother’s name, of Clark. The Court held him improperly laid Clark, and as nothing but the name identified him in it, the conviction was held bad: Wharton’s Crim. Law, and note, 108. So, if a burglary, alleged to have been committed in the house of J. G., and it turn out, in evidence, to have been the house of J. S., the defendant must be acquitted. So in all other cases of felony, a material variance between the *143 indictment and evidence, in the name of the party injured, will be fatal: Archbold’s Crim. Plead, 100.
These rules • of law are well established principles in criminal jurisprudence, and cannot, with safety, be departed from; though the rules of pleading, in civil and criminal causes, have been greatly relaxed.
In eases of the grade of felony, where the life and liberty of the citizen is in jeopardy, we are unwilling to depart, in the absence of Statutory enactments, from the established principles of the common law; and upon an examination of the provisions of the Code, in regulating criminal procedure, we have been unable to find that there has been any change of this rule of law. We, therefore, think the variance between the person laid in this indictment to have been murdered, and the person proved to have been killed by the plaintiff in error, is fatal, and the conviction cannot stand.
Upon the third error assigned, that the evidence does not support the finding of the jury, we forbear to express any opinion, as the case must undergo another investigation. The plaintiff having been acquitted by the jury, of murder in the first and second degree, and found guilty of voluntary manslaughter, can only be tried for that offense.
The judgment of the Circuit Court will be reversed, a new trial awarded, and the prisoner remanded.